THE HONORABLE KYMBERLY K EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LILLI HUONG and KIMBERLY NOBLE, each individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>BÉIS, LLC,<br><br>*Defendant*. | Case No. 2:26-cv-00207-KKE<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## Table of Contents


I. Summary of the Case. .......... 1

II. Parties. .......... 1

III. Jurisdiction and Venue. .......... 1

IV. Facts. .......... 2

V. Class Action Allegations. .......... 4

VI. Claims. .......... 5

Count 1: Washington's Commercial Electronic Mail Act (CEMA) .......... 5

Count 2: Washington's Consumer Protection Act (CPA) .......... 6

VII. Jury Demand. .......... 8

VIII. Prayer for Relief. .......... 8

## I. Summary of the Case.

1. Deceptive emails plague consumers' inboxes. The Washington legislature, concerned with deception in emails, enacted the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190, which, among other things, prohibits any person from sending a commercial email with a false or misleading subject line. RCW 19.190.020.

2. Defendant Béis, LLC ("Béis" or "Defendant") is an online luggage company. It sends marketing emails to Washington consumers on its email list.

3. On or around Sunday, November 30th, 2025, Béis sent an email with the subject line "**Action required: Fraud alert.**" to all consumers on its mailing list. Consumers panicked and opened the email, only to discover that there was no action required and no fraud. Instead, the email advertised the extension of a Béis 30% off sale.

4. This email was materially deceptive. The subject line was designed by Béis to look like an actual fraud alert email. It made reasonable consumers think that their personal accounts had been hacked or breached.

5. Plaintiffs Lilli Huong and Kimberly Noble are Washington residents who received Béis's fraud alert email. They bring this class action for themselves and other Washington residents who received this deceptive email.

## II. Parties.

6. Plaintiff Lilli Huong is domiciled in Seattle, Washington.

7. Plaintiff Kimberly Noble is domiciled in Pierce County, Washington.

8. The proposed Class includes residents of Washington.

9. Defendant Béis is a Delaware LLC with its headquarters in El Segundo, California.

## III. Jurisdiction and Venue.[1]

10. This Court has subject matter jurisdiction under the Washington State Constitution, which sets forth the jurisdiction of Washington Superior Courts. This Court also has subject matter jurisdiction under the Consumer Protection Act ("CPA"), RCW 19.86.090, and the Commercial

[1] This case was filed in Washington state court and removed by Defendant Béis.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Electronic Mail Act ("CEMA"), RCW 19.190.090, which give Washington Superior Courts jurisdiction over claims brought under the CPA and CEMA.

11. This Court has personal jurisdiction over Defendant under RCW 4.28.185. Defendant transacts business in Washington and the claims giving rise to this action arise from Defendant's transaction of business in this state and also Defendant's purposeful transmission of electronic mail messages to Washington residents. This Court also has personal jurisdiction over Defendant under RCW 19.86.160 because it has engaged in conduct in violation of the CPA that has had an impact in Washington.

12. Venue is proper in King County Superior Court because Defendant resides here for purposes of venue. RCW 4.12.025. Defendant has transacted business in King County by selling products to consumers living in King County and sending electronic mail messages to residents of King County, including to Plaintiff Huong.

**IV. Facts.**

13. Béis sells luggage directly to consumers online, through its website beistravel.com.

14. Béis maintains a large marketing email list that includes Washington residents. It frequently sends marketing emails to this list.

15. On or around Sunday, November 30th, 2025, Béis sent Plaintiffs and other Washington consumers on its list an email with the subject line "**Action required: Fraud alert.**" (the "Fraud Alert Email").

16. Many consumers received the Fraud Alert Email late Sunday night or early in the morning, after the Thanksgiving weekend. It caused widespread panic, as consumers believed their accounts had been breached or hacked. Consumers went online to vent their frustration:

- "At 2 AM, I got an email with the subject line: 'Action required: Fraud alert.' Instant panic. I'm half-asleep thinking my accounts have been compromised."[2]

[2] https://www.linkedin.com/posts/jessicalevinson_i-dont-normally-call-out-brands-by-name-activity-7401158059412135936-uk9N/



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

- "I freaked out so badly. I'm like wait what?"[3]
- "I PANICKED WHEN I OPENED THIS THIS MORNING!!!!!!!"[4]

17. The Fraud Alert Email even fooled inbox algorithms, which flagged it as "Immediate action may be required."[5]




18. When consumers opened the Fraud Alert Email, hearts racing, they discovered it was just a marketing email advertising the extension of a sale:




[3] https://www.threads.com/@legalmiga/post/DRtkflZEeAg/what-not-to-do-on-black-friday-this-is-an-illegal-subject-line

[4] *Id.*

[5] https://www.reddit.com/r/mildlyinfuriating/comments/1pbr0xp/this_fake_fraud_email_from_b%C3%A9is_a_luggage_company/



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

19. "The fraud is us … sale now extended," said the Fraud Alert Email. In this way, Béis confessed that its subject line was intentionally misleading.

20. Like other reasonable consumers, Plaintiff Lilli Huong received this Fraud Alert Email and panicked. She received it late at night, around 11pm. Her heart dropped and she thought her identity had been stolen. Similarly, Plaintiff Kimberly Noble believed that Defendant had sent her a fraud alert email that required action on her part to protect or verify her identity, account information, and payment information. But when each Plaintiff opened the Fraud Alert Email, she discovered it was just a marketing scam.

21. Defendant's Fraud Alert Email caused actual and substantial injury to consumers. It caused widespread panic. It violated Washington consumers' statutory right not to receive commercial emails that contain false or misleading subject lines, which the legislature has deemed to be a "matter[] vitally affecting the public interest." RCW 19.190.030. Violation of a right that vitally affects the public interest results in actual and substantial harm.

22. Defendant knows, or has reason to know, that it sent the Fraud Alert Email to Washington residents. Defendant knows where recipients of its emails reside because (i) Defendant has physical addresses associated with recipients' accounts or orders; or (ii) Defendant has access to data regarding the recipients including the recipients' state of residence, such as IP address tracking.

## V. Class Action Allegations.

23. Plaintiffs bring the asserted claims on behalf of the proposed Class of all Washington residents who received the Béis Fraud Alert Email.

24. The following people are excluded from the proposed Class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel,



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

***Numerosity***

25. The proposed Class contains members so numerous that separate joinder of each member of the Class is impractical. There are at least thousands of Class members in Washington.

26. Class members can be identified through Defendant's electronic mailing lists and public notice.

***Predominance of Common Questions***

27. There are questions of law and fact common to the proposed Class. Common questions of law and fact include, without limitation:

(1) whether Defendant's email subject lines are false or misleading;

(2) whether Defendant's email subject lines violate CEMA;

(3) whether Defendant's email subject lines violate the CPA;

(4) the greater of actual damages and statutory damages due to Plaintiffs and the proposed Class.

***Typicality & Adequacy***

28. Like members of the proposed Class, Plaintiffs received the Fraud Alert Email from Defendant.

29. There are no conflicts of interest between Plaintiffs and the Class.

***Superiority***

30. A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

## VI. Claims.

### Count 1: Washington's Commercial Electronic Mail Act (CEMA)

31. Plaintiffs incorporate the facts alleged above.

32. Plaintiffs bring this cause of action for themselves and members of the Class.

33. Béis is a "person" under CEMA. RCW 19.190.010(11).

34. As alleged more fully above, Béis violated CEMA by initiating the transmission of commercial electronic mail messages that contained false or misleading information in the subject line to Plaintiffs' and Class members' electronic mail addresses.

35. Defendant sent the Fraud Alert Email to Plaintiffs and Class members for the purpose of promoting its products for sale.

36. Defendant knew or had reason to know that it transmitted the Fraud Alert Email to addresses held by Washington residents, including Plaintiffs.

37. Defendant's acts and omissions violated RCW 19.190.020(1)(b).

38. Defendant's acts and omissions injured Plaintiffs and Class members.

39. The balance of equities favors the entry of permanent injunctive relief against Defendant. Plaintiffs, members of the Class, and the public will be irreparably harmed absent the entry of permanent injunctive relief against Defendant. A permanent injunction against Defendant is in the public interest. Without the entry of a permanent injunction, Defendant's unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

40. Plaintiffs and Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.020(1)(b).

**Count 2: Washington's Consumer Protection Act (CPA)**

41. Plaintiffs incorporate the facts alleged above.

42. Plaintiffs bring this cause of action on behalf of themselves and members of the Class.

43. Plaintiffs and Class members are "persons" within the meaning of the CPA. RCW 19.86.010(1).

44. As alleged above, Defendant violated CEMA by initiating the transmission of commercial electronic mail messages to Plaintiffs and Class members that contained false or misleading information in the subject line (the Fraud Alert Email).

45. A violation of CEMA is a per se violation of the CPA. RCW 19.190.030(1).

46. A violation of CEMA establishes all elements of the CPA as a matter of law.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

47. As alleged more fully above, Defendant's transmission of commercial electronic mail messages to Plaintiffs and Class members that contained false or misleading information in the subject line also violates the CPA because it constitutes unfair or deceptive practices that occur in trade or commerce.

***Unfair Acts or Practices***

48. As alleged in detail above, Defendant committed "unfair" acts by sending emails with false and misleading subject lines.

49. The harm to Plaintiffs and the Class greatly outweighs the public utility of Defendant's conduct. There is no public utility to misrepresenting the nature and duration of sales. Plaintiffs' and the Class's injury was not outweighed by any countervailing benefits to consumers or competition. Misleading consumers only injures healthy competition and harms consumers.

***Deceptive Acts or Practices***

50. As alleged in detail above, the Fraud Alert Email was deceptive.

51. Defendant's representations were likely to deceive Plaintiffs and other reasonable recipients. Defendant knew, or should have known through the exercise of reasonable care, that these statements were false and misleading.

52. Defendant's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.030(3); RCW 19.190.100.

53. Defendant's acts and omissions caused injury to Plaintiffs and Class members. In addition, violations of CEMA establish the injury and causation elements of a CPA claim as a matter of law.

54. Under the CPA, "[p]rivate rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee. A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW 19.86.090.

55. Under the CPA, Plaintiffs and Class members are entitled to seek, and do seek, the greater of actual damages and statutory damages of $500 per email that violates CEMA. In addition, Plaintiffs and Class members seek treble damages, which are permitted under the CPA, including for CEMA violations. Plaintiffs seek treble damages to further Plaintiffs' and Class members' financial rehabilitation, to encourage citizens to bring CPA actions, to deter Defendant and other persons from committing CEMA violations, and to punish Defendant for its false and misleading advertising practices.

56. Plaintiffs and Class members are also entitled to seek, and do seek, injunctive relief prohibiting Defendant's further violations of the CPA.

## VII. Jury Demand.

57. Plaintiffs demand the right to a jury trial on all claims so triable.

## VIII. Prayer for Relief.

58. Plaintiffs seek the following relief for themselves and the proposed Class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiffs and the proposed Class;
- The greater of actual or statutory damages, treble damages, and punitive damages where applicable;
- Pre- and post-judgment interest;
- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

Dated: June 25, 2026

Respectfully submitted,

By: <u>*/s/ Jonas Jacobson*</u>

Cody Hoesly (WSBA #41190)
choesly@bargsinger.com
BARG SINGER HOESLY PC

121 SW Morrison St., Ste. 600
Portland, OR 97204
Ph. (503) 241-3311

Jonas B. Jacobson (WSBA #62890)
jonas@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

Kim D. Stephens, P.S. WSBA #11984
Cecily C. Jordan, WSBA #50061
Tousley Brain Stephens PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Tel: (206) 682-5600
Fax: (206) 682-2992
kstephens@tousley.com
cjordan@tousley.com

Tyler Ewigleben*
tyler@jefirm.com
JENNINGS & EARLY PLLC
500 President Clinton Avenue, Suite 110
Little Rock, Arkansas 72201
Tel: (601) 270-0197
** Pro Hac Vice Application to be submitted*

*Counsel for Plaintiffs Huong and Noble*