UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LILLI HUONG, et al.,<br><br>Plaintiff(s),<br>v.<br><br>BÉIS LLC,<br><br>Defendant(s). | CASE NO. 26-0207-KKE<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |

## I. BACKGROUND

Plaintiff Lilli Huong filed this putative class action in King County Superior Court, complaining that Defendant Béis, LLC, sent her and other Washington consumers a marketing email with false or deceptive subject lines, in violation of Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA"). *See* Dkt. No. 1-1. Béis is an online luggage company. *Id.* ¶ 2. Béis sent Huong an email on November 30, 2025, which Huong contends has a false or misleading subject line, in violation of CEMA. Dkt. No. 1-1 ¶¶ 3, 14. Specifically, the email's subject line read "Action required: Fraud alert." *Id.* The body of the email clarified the commercial nature of the communication: "SALE EXTENDED. The fraud is on us… sale now extended. 30% off everything continues for one more day—plus one more flash deal." *Id.*

Béis removed the action to this Court (Dkt. No. 1), and then filed a motion to dismiss (Dkt. No. 18) and a motion to stay this action pending a Ninth Circuit ruling in another case (Dkt. No. 25). Huong and Plaintiff Kimberly Noble thereafter filed an amended complaint (Dkt. No. 33), and Béis renewed its motion to dismiss (Dkt. No. 36), arguing in part that the complaint fails to allege a cognizable CPA injury. *Id.* at 25–28. Plaintiffs thereafter filed a motion to remand, arguing that Béis abused the removal process by removing this case (thereby representing that an injury sufficient to satisfy Article III has been alleged) and then seeking to dismiss it for lack of CPA injury. Dkt. No. 38.

Because Article III standing is a threshold issue, the Court will start there to determine the appropriate path forward. *Calif. Sea Urchin Comm'n v. Bean*, 239 F. Supp. 3d 1200, 1203 (C.D. Cal. 2017) ("Standing is a 'threshold question in every federal case.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975))).

## II. ANALYSIS

### A. Legal Standards

"Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295–96 (2022). To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). For an injury to be "concrete," it "must actually exist"; it must be "real, and not abstract." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016), *as revised* (May 24, 2016) (citation modified). For an injury to be particularized, "it must affect the plaintiff in a personal and individual way" such that

the plaintiff "personally has suffered some actual or threatened injury." *Id.* (citation modified). "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion,* 594 U.S. at 427.

A party may remove a state court action to federal district court only if the action could have originally been filed in federal court. *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1091 (9th Cir. 2025); 28 U.S.C. § 1441(a). Federal question jurisdiction exists over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The burden of establishing removal jurisdiction, even in [Class Action Fairness Act of 2005] cases, lies with the defendant seeking removal." *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011). The court must reject jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If the district court determines, after removal, that it lacks subject matter jurisdiction, it must remand the case back to state court. 28 U.S.C. § 1447(c). If the plaintiff in a removed case lacks Article III standing, the court must remand the action for lack of subject matter jurisdiction, rather than dismiss it. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

**B. The Complaint Fails to Describe a Concrete Injury in Fact to Satisfy Article III.**

A court in the Eastern District of Washington has found that a plaintiff in a CEMA/CPA action similar to Plaintiffs' action here lacked Article III standing because her complaint failed to allege a concrete harm to satisfy the injury-in-fact requirement, and that order has been appealed to the Ninth Circuit. *See Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, *2–3 (E.D. Wash. Dec. 4, 2025). Briefing in the appeal is ongoing. *See Montes v. Penney OpCo, LLC*, No. 26-241 (9th Cir. 2026).

In *Montes*, the court explained that it "fails to see how receiving an email with a misleading or false subject line harmed Plaintiff in a concrete manner that would rise to the level required for

standing." 2025 WL 3485827, at *3. The *Montes* court stated that although the Western District of Washington previously found that "CEMA identifies a right to be free from deceptive commercial emails[,]" this holding was based on authority indicating that "people have the right to be free from unsolicited marketing messages to ensure the right to privacy and prevent nuisance." *Id.* (citing *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1005 (W.D. Wash. 2019[1]); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017)). But because the *Montes* plaintiff (unlike the *Harbers* plaintiff) consented to receive emails from the defendant, the *Montes* court found no similar "invasion of privacy or any similar injury to constitute a concrete harm." *Id.*

In this case, the complaint is silent as to whether Huong consented to receive emails from Béis. *See* Dkt. No. 1-1.[2] The complaint does allege, however, that when Huong saw the subject line of the offending email she "panicked" because she believed "her identity had been stolen. But when she opened the email, she discovered it was just a marketing scam." *Id.* ¶ 19. The allegations of Huong's reaction to the email distinguish this case from *Montes* as well as others where this Court has recently found a lack of Article III injury. *See, e.g.*, *Isbell v. Jonathan Adler Enters., LLC*, No. C25-2596-KKE, 2026 WL 2568556 (W.D. Wash. Aug. 31, 2026); *Wade v. Elemis USA, Inc.*, No. C26-0515-KKE, 2026 WL 2500935 (W.D. Wash. Aug. 25, 2026); *Hutton v. Papa John's USA, Inc.*, No. C25-1922-KKE, 2026 WL 2210133 (W.D. Wash. July 31, 2026). In those cases, plaintiffs did not allege that they took any action (opening, reading, deleting, etc.) with respect to the emails or were otherwise aware of or harmed by their existence in their inboxes, nor did they

---

[1] *Harbers* was decided prior to the Supreme Court's *TransUnion* decision discussed earlier in this order, which limits *Harbers*' authority here.

[2] To determine whether removal was appropriate, the Court looks to the allegations in the pleadings that existed at the time of removal. *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

allege that the emails had in fact deceived them. *Id*. But this case is nonetheless similar to those cases in that neither Huong nor the plaintiffs in *Isbell*, *Wade*, or *Hutton* alleged that the emails were unsolicited. *Id*.

Even though the complaint provides more detail than can be found in other cases regarding Huong's reaction to the email, there is a growing consensus in this district that Huong's momentary panic upon reading the subject line of an email—solicited or not—is insufficient to constitute an injury in fact that satisfies Article III. *See, e.g.*, *Stutsman v. Sirius XM Radio LLC*, __ F. Supp. 3d __, 2026 WL 2445129, at *4 (W.D. Wash. Aug. 20, 2026) (finding no Article III injury in fact where a complaint alleges "the mere receipt of alleged misleading or false marketing email subject lines, absent any allegation of economic loss, detrimental reliance, or any comparable injury"). The Court thus doubts that the complaint alleges a sufficient injury in fact, and must therefore remand. *Gaus*, 980 F.2d at 566 (explaining that a court must reject jurisdiction "if there is any doubt as to the right of removal in the first instance").

The Court will, however, deny Plaintiffs' request for an award of attorney's fees and costs incurred as a result of removal. Dkt. No. 38 at 3 (citing 28 U.S.C. § 1447(c)). As noted herein, the legal landscape has significantly evolved since Béis removed this case, and the Court does not find that under these circumstances, Béis lacked an objectively reasonable basis for removing at the time of removal. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

## III. CONCLUSION

For these reasons, the Court GRANTS Plaintiffs' motion to remand this action to King County Superior Court. Dkt. No. 38. Plaintiffs' request for fees under 28 U.S.C. § 1447(c) is DENIED. All other pending motions are TERMINATED as moot.

Dated this 4th day of September, 2026.

Kymberly K. Evanson
United States District Judge